**Bob E. SMITHSON, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Feb. 1, 1974.

Certiorari Denied by Supreme Court
May 6, 1974.

Lionel R. Barrett, Jr., Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, for defendant in error.

OPINION

OLIVER, Judge.

Convicted of selling marijuana and sentenced to pay a fine of $50 and to imprisonment in the penitentiary not less than one nor more than three years, Smithson has duly perfected an appeal in the nature of a writ of error to this Court.

Reiterating and urging the only error raised in his motion for a new trial, the defendant's only Assignment of Error complains the trial judge refused his special request that the jury be instructed concerning the provisions of TCA § 52–1432(a)(2) and (3)(b). Marijuana is classified in Schedule VI (TCA § 52–1422). Punishment for unauthorized and unlawful manu-

facture, delivery, sale, or possession with intent to manufacture, deliver or sell the controlled substances classified in Schedule VI, prescribed in TCA § 52–1432(a)(1)(F), is not less than one nor more than five years and "may be fined not more than three thousand dollars ($3,000)." The trial judge instructed the jury accordingly.

But TCA § 52–1432(a)(2) and (3)(b)(1) provide as follows:

"(2) It may be inferred from the amount of controlled substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing. It may be inferred from circumstances indicating a casual exchange among individuals of a small amount of controlled substances that the controlled substances so exchanged were possessed not with the purpose of selling or otherwise dispensing them in violation of the provisions of subsection (a) of this section. Such inferences shall be transmitted to the jury by the trial judge's charge and the jury will consider such inferences along with the nature of the substance possessed when affixing the penalty.

"(3) Any person who violates subsection (a)(1)(F) of this section by distributing a small amount of marihuana, not in excess of one-half (½) ounce, shall be subject upon conviction to the provisions of subsection (b) of this section.

"(b) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by §§ 52–1408—52–1448.

"(1) Any person who violates this subsection shall be guilty of a misdemeanor and, upon first conviction, be sentenced to confinement in a county jail or workhouse for a period not to exceed eleven (11) months, twenty-nine (29) days and/or fined an amount not to exceed one thousand dollars ($1,000) or may have the sentence pending upon him for this violation suspended and may as a condition of the suspension be required to participate in a program of rehabilitation at a drug treatment facility operated by the state or a comprehensive community mental health center."

The proof showed that the defendant sold less than one-half ounce of marijuana to an undercover agent working for the Gallatin Police Department. Plainly, his offense was only a misdemeanor punishable by confinement in the county jail or workhouse not in excess of 11 months and 29 days, and/or a fine not in excess of $1,000. Just as plainly, the trial judge committed prejudicial error in refusing to charge the provisions of the statute above quoted when requested to do so by defense counsel.

Let the judgment of the trial court be reversed and this case remanded thereto for a new trial.

WALKER, P. J., and O'BRIEN, J., concur.